UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| REGINALD MORAL EASLEY, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No. 1:09-cv-98 |
| ) | *Edgar/Carter* |
| CHEATHAM COUNTY JAIL, ) | |
| MEDICAL STAFF,[1] MEDICAL PROVIDER, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Reginald Moral Easley ("Easley") filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 as a *pro se* prisoner [Court File No. 1].[2] Easley, who is proceeding *pro se* and *in forma pauperis*, has commenced this § 1983 action alleging deprivation of his constitutional rights. Easley alleges that while confined at the Cheatham County Jail, he was denied adequate medical care when an ear plug became lodged in his ear. Easley claims that he was unable to remove the ear plug, and although he sought assistance from Officer Green, a third shift officer, the tower officer, and the pod officer, he was denied assistance other than to be told that his name had been placed on the "sick call list." In addition to requesting that the Court require the jail to have a Nurse on duty to treat the inmates, Easley is seeking $500,000.00 "for his pain and suffering, and the lose of any hearing of [his] right ear should [he] lose it." [Court File No. 1].

---

[1] Easley named both the Medical Provider and the Medical Staff as Defendants [Court File No. 1, p. 3]. Although the Court recognizes that neither are proper defendants, Easley did identify both as defendants, thus, because it is unclear whether they are separate entities, the Clerk is **DIRECTED** to add Medical Staff as a defendant.

[2] Easley has since been released from the Cheatham County Jail.

1

I.  **Application to Proceed In Forma Pauperis**

The Court ordered Easley to pay the full $350.00 filing fee or file an application for leave to proceed *in forma pauperis*. Easley has filed a motion and an amended motion to proceed *in forma pauperis* [Court File Nos. 5 & 7].

It appears from the application that Easley has no income and no expenses, thus, it appears he is indigent and lacks sufficient financial resources at the present time to pay the required filing fee in the amount of $350.00. Therefore, the Court concludes that the motion and amended motion to proceed *in forma pauperis* will be **GRANTED** [Court File Nos. 5 & 7].[3]

II.  **Venue**

Easley has been released from the Cheatham County Jail in Ashland City, Tennessee and presently resides in Nashville, Tennessee. He brings this action against defendants who are Cheatham County employees, for incidents that occurred during his incarceration in the Cheatham County Jail.

Venue for § 1983 actions is governed by 28 U.S.C. § 1391(b), which requires that an action be brought in the judicial district where one of the defendants resides, if all defendants reside in the same State, or where the claim arose. In this instance, it is apparent that none of the defendants reside in this judicial district and that the claim did not arise in this district. Therefore, venue for this action properly rests in the judicial district where the claim arose. The claim arose at the Cheatham County Jail in Ashland City, Tennessee, which is within the Middle District of Tennessee. 28 U.S.C. § 123(b). Consequently, proper venue for this action lies in that judicial district.

---

[3] The case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) should the allegation of poverty prove untrue.

Therefore, this case will be **TRANSFERRED** to the United States District Court for the Middle District of Tennessee, Nashville Division, at Nashville, Tennessee.  28 U.S.C. § 1406(a).

An appropriate order will enter.

        */s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

3